UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID A. SILVIA            :
                           :
v.                         :     C.A. No. 19-00298-WES
                           :
STATE OF RHODE ISLAND, et. al.  :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On May 30, 2019, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. (ECF Doc. Nos. 1, 2). Plaintiff's Application (ECF Doc. No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination.[1] 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I

---

[1] Plaintiff refiled the identical Application to Proceed Without Prepayment of Fees (ECF Doc. No. 6) on June 5, 2019. The duplicate Application is DENIED as MOOT.

recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff alleges that R.I. Gen. Laws § 44-33-3 violates the Americans with Disabilities Act ("ADA") because it does not extend property tax credits to disabled veterans. Plaintiff "[a]sk [sic] this Court to agree that the RI House of Representative's [sic] are discriminating against all RI Veterans by not changing this legislation to include all Disabled Veterans that receive Disability Benefits paid by the Dept of Veterans Affairs.…" (ECF Doc. No. 1 at p. 4).

This is the second iteration of this Complaint filed by Plaintiff. In 2017, Plaintiff filed a nearly identical Complaint alleging the same violation of the ADA via R.I. Gen. Laws § 44-33-3. See C.A. No. 17-00310-JJM. U.S. District Judge John J. McConnell, Jr. dismissed that case on November 9, 2017, noting that Plaintiff's Complaint failed to state a claim upon which relief could be granted because the federal court lacks authority to interfere in the legislative process by ordering the amendment of the statute at issue. Further, the Court noted that Plaintiff failed to plausibly allege actionable discrimination against the disabled and that his equal protection challenge failed because he did not allege the lack of a rational basis by the legislature. (See Text Order dated November 9, 2017 in C.A. No. 17-00310-JJM). In a supplemental filing entitled "Plaintiff's Memorandum To Forward Further Information" filed on June 4, 2019 (ECF Doc. No. 5) Plaintiff admits this is the "same cause of Discrimination" as his 2017 lawsuit and asks that the Court "order the Defendants to make the law to change the language and include RI Disabled Veterans to be ellagable [sic] to take this credit…." Id. at p. 1.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because the newly filed Complaint is barred by the doctrine of res judicata.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have

been raised in [a previous] action." Apparel Art Int'l, Inc. v. Amertex Enter. Ltd., 48 F.3d 576, 583 (1st Cir. 1995). Res judicata provides a "strong incentive" for parties to "plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Id. The doctrine also serves important policy purposes such as relieving litigants of the "cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." Id. quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).

A claim will be barred on res judicata grounds when a three-part test is met: first, there must be a final judgment on the merits in an earlier action; second, the causes of action in both the earlier and later suits must be sufficiently identical; and third, the parties to the two suits must be sufficiently identical. Id. See also Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

In this case, the first part of the three-part test is easily satisfied, as a final judgment on the merits was entered in favor of Defendants in the previous Complaint filed by Plaintiff regarding the alleged discrimination against veterans under R.I. Gen. Laws § 44-33-3. See Text Order dated November 9, 2017 in C.A. No. 17-00310-JJM. The second prong of the test requires the Court to consider whether the earlier- and later-filed suits contain claims that are sufficiently identical. The First Circuit Court of Appeals has held that the "transactional approach" defines a cause of action. In other words, when "the facts form a common nucleus that is identifiable as a transaction or series of related transactions," then those facts constitute one cause of action. Apparel Art, 48 F.3d at 584. Thus, in determining whether two causes of actions are distinct, a court must analyze whether the "party has advanced claims in multiple litigations which derive from the same nucleus of

operative facts." Id. The factors to be considered in this analysis include: "(1) whether the facts are related in time, space, origin or motivation; (2) whether the facts form a convenient trial unit; and (3) whether treating the facts as a unit conforms to the parties' expectations." Id. As outlined in the Facts section above, the facts and allegations presented in the newly-filed suit are sufficiently identical to those presented in the previous Complaint. Specifically, the newly-filed Complaint contains identical factual averments as the previous Complaint.

Finally, the third prong of the test requires that the Court consider whether the parties to the earlier- and later-filed suits are sufficiently identical. In this case, Plaintiff lists the Defendants as the State of Rhode Island, House of Representatives Speaker Mattiello, Representative Marvin Abney and the Rhode Island Attorney General as Defendants. (ECF Doc. No. 1 at p. 2). In C.A. No. 17-00310, the case caption lists the Defendants as Rhode Island Governor Gina Raimondo, Speaker of the House Nicholas Mattiello and Rhode Island Senate President Dominick Ruggerio. Comparing the suits, Plaintiff has sued state officials who are substantially the same parties in this case as he did in the prior case that was dismissed by this Court. Accordingly, all three parts of the test are satisfied, and res judicata precludes Plaintiff from relitigating the claims presented in the instant Complaint which were unsuccessfully pursued by Plaintiff and dismissed on the merits in his prior case.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

   <u>/s/ Lincoln D. Almond</u>
LINCOLN D. ALMOND
United States Magistrate Judge
June 24, 2019